## THE SPRINGFIELD FERTILIZER COMPANY v. TOMPKINS.

[No. 2,040.    Filed December 2, 1896.]

PRINCIPAL AND AGENT.—*Liability of Agent.*—A local agent for the sale of goods of a manufacturing company who has contracted with his principal to endorse all notes taken from customers for sales made of goods furnished him by such company is not liable for the payment of goods sold by a general agent of the company where the local agent informed the general agent at the time such sale was made that the purchaser was insolvent and that he would not endorse or guarantee such purchaser's note, although he ordered the goods together with other goods, charged himself with same, and notified the purchaser of the arrival thereof.

CONTRACT.—*Parol Evidence.*—Parol evidence is admissible to show that a certain transaction was independent of a written contract between the parties although such contract states that it contains all the contract between the parties and that no verbal agreement will be binding.

From the Rush Circuit Court.    *Affirmed.*

*W. J. Henley, L. D. Guffin, G. W. Morgan* and *Douglas Morris,* for appellant.

*W. A. Cullen* and *J. D. Megee,* for appellee.

REINHARD, J.—Appellant sued appellee in the court below on an account, alleging in its complaint that the appellee was indebted to the appellant in the sum of $100.00, for goods and merchandise sold and delivered to the appellee at his special instance and request, as shown by contract, a copy of which is filed with the complaint marked Exhibit "B" and Exhibit "C," and a bill of particulars of which is filed with the complaint marked Exhibit "A;" that the sum of $91.20 was due December 25, 1891, and is wholly unpaid, although payment of said sum was demanded at the date of the maturity of said debt.    Wherefore, etc.

The written and printed contract for 1892 provides

that "this paper contains the full and entire agreement between parties hereto and that no outside verbal understanding is of any force or effect, whatever, and is not to be held binding."

The contract further stipulates that Tompkins is appointed the agent of the appellant for the sale of Springfield Fertilizer "in Rushville and trade for the season of 1892." The appellant agrees to furnish the fertilizers to Tompkins in such quantities as the latter may from time to time order. Tompkins agrees to order of appellant as much of said fertilizers as the trade in said territory will demand, and to settle for the same as in the contract provided. The title in all fertilizers shipped to Tompkins, or their proceeds, is to be vested in the appellant and subject to its order, until full settlement has been made for the same by the appellee; but in case of loss by fire, the appellee is to be responsible for the same. Then follow the prices for the different brands of fertilizers, "delivered f. o. b., cars, at Rushville, Ind., in carload lots." It is further provided that all goods ordered are due and payable as follows: Tompkins to pay freights and deduct same from price of goods, 60 days. "Settlements to be made June 1, 189—, for all spring goods ordered, and October 1, 189—, for all fall goods ordered, in farmers' notes and cash, as fertilizers have been sold, except pure ground bone, which is net cash 30 days from shipment. All notes to be made payable at some bank, and to the order of the Springfield Fertilizer Co., said notes not to run longer than six months from date of sale for spring goods sold, and not longer than twelve months from date of sale for fall goods sold. Notes to draw 6 per cent. interest from date and to be guaranteed by Tompkins." Tompkins agrees to take no other agency nor to become interested in any way in the sale of any other fertilizers during the season of

1892; also to circulate such advertising matter as may be supplied from time to time, and to diligently canvass the territory assigned, and to work up the trade faithfully. The company reserves the right to revoke the agency at any time when Tompkins shall fail or neglect to perform the duties thereof. The contract for the season of 1891, does not differ materially in its terms from that for the season of 1892.

The appellee answered the general denial and payment. The appellant's reply of general denial closed the issues. The cause was tried by the court and resulted in a finding and judgment for appellee.

The sole error relied upon is the overruling of the motion for a new trial. The grounds assigned in this motion are as follows:

"1. The decision of the court is contrary to law.

"2. The decision of the court is contrary to the evidence.

"3. The decision of the court is not sustained by sufficient evidence.

"4. The court on the trial of said cause permitted, over the objection of plaintiff, the defendant and Robert Tompkins, John Cohn and A. N. Norris each to testify that defendant told the agent of plaintiff that he, defendant, would not make any sale to said Norris and would not guarantee any note that might be given by said Norris for goods sold to said Norris by said agent of plaintiff, J. H. Spencer by name, in all of which the court erred."

It will be seen from the pleadings and contract above set forth that the appellee was the local agent for the appellant to sell fertilizers. The goods were to be shipped to him by rail, as required, and he was to sell them to farmers, taking their notes for the amount due, which notes were to be secured by the appellee's indorsement. It is manifest from this ar-

rangement that a large discretion was necessarily given the appellee as to the persons to whom such sales were to be made, for otherwise the appellee might be forced to incur risks and liabilities that an ordinarily prudent business man would not be willing to assume. There is evidence to prove that one John H. Spencer, a general agent of the appellant, who had authority to sell the appellant's goods and establish agencies, came to Rushville and informed the appellee that he was about to make a sale of a shipment of fertilizers to one Norris. Appellee protested that Norris was insolvent and that if a sale was made to him he, appellee, would refuse to indorse or guarantee any note that Norris might execute. Spencer, nevertheless, sold the goods to Norris and the fertilizers were shipped in bulk with a consignment sent the appellee on his order. Norris came to the car and received the fertilizers and executed his note to appellant for the amount due from him, delivering the same to the appellee. The appellee sent the note to the appellant, but refused to indorse it. The appellant now seeks to hold the appellee liable for the price of the goods sold to Norris, and this is the subject of controversy in this action.

If the court believed the evidence of the appellee, above alluded to, it was amply justified in its finding. The transaction with Norris was not in violation of the written contract between appellee and appellant. The appellant, for aught appearing in the contract, was at liberty to make any sales within the appellee's territory that it elected to make, but it certainly could not hold the appellee liable therefor on his contract. The appellant's learned counsel insist that the evidence as to such independent sale, was in plain contravention of the provisions of the written contract. Even if this were true, we do not see how

the appellee could be bound by the transaction unless he had some connection with the sale. If he did not agree to the sale, but protested that he would not assume the responsibility for it, we do not understand by what principle of law he can be forced to make good the loss. But the sale to Norris by Spencer was not a violation of the contract. The appellant having the right to make such independent sales, and its agent Spencer having the general authority to do so, there was nothing in the contract between appellant and appellee which would prevent the performance of such an act. It is true the contract stipulates that it "contains the full and entire agreement between the parties thereto, and that no outside verbal understanding is of any force or effect whatever, and is to be held binding." But the transaction between Spencer and Norris had nothing whatever to do with the contract between these parties, and how the appellee can be said to have violated its conditions or provisions by refusing to assent to the act of Spencer is not easy to perceive. It is not the theory of appellee that he and Spencer had a private understanding that although the sale to Norris was to be effected through him, he was not to be held responsible for such sale, nor does the evidence relied upon by him warrant any such construction. On the other hand, as already stated, the appellee's evidence shows that the sale was made by Spencer over the appellee's protest and in the face of his declaration that he would not indorse the note. The evidence sustains the finding.

For the reasons already stated the court committed no error in admitting evidence to prove the transaction between appellant's agent, Spencer, and Norris, and what was said upon the subject between said Norris and appellee.

Nor can we say that the fact that Tompkins ordered

the fertilizers, including that of Norris, and charged himself with it, and notified Norris of its arrival, is conclusive evidence that the sale to Norris was not an independent sale by Spencer, but was effected by Tompkins in the performance of his contract with appellant. That it was evidence of that fact we readily grant. But the court had other evidence and was not concluded by the establishment of this fact alone. It was the duty of the court to consider all the facts proved and then decide whether the sale was made by Tompkins in the course of his employment or was an independent sale by Spencer. The same is true as to the fact that Tompkins took the note. His acceptance of it and its transmission by him to appellant without his indorsement thereon, was not conclusive proof that the sale to Norris was a part of appellee's business under the contract between him and appellant. It was at most but a circumstance. Other circumstances relied upon affect only the weight of the evidence as do those already named.

We find no reversible error.

Judgment affirmed.